UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| EUGENIO GARDUNO GUEVARA, | ) | |
| | ) | |
| Plaintiff/Petitioner, | ) | |
| | ) | |
| v. | ) | No.: 3:15-CV-548-TAV-CCS |
| | ) | |
| ALMA SOTO SOTO, | ) | |
| | ) | |
| Defendant/Respondent. | ) | |

## ORDER

This civil matter is before the Court on the Report and Recommendation entered by Magistrate Judge C. Clifford Shirley, Jr., on August 18, 2016 (the "R&R") [Doc. 36]. Before the magistrate judge were Petitioner's Verified Emergency Petition for Warrant of Arrest in Lieu of Writ of Habeas Corpus and for Return of Child to Mexico [Doc. 29] ("Emergency Petition") and Petitioner's Motion to Reopen Case for the Issuance of Provisional Remedies ("Motion to Reopen") [Doc. 33]. In the R&R, Magistrate Judge Shirley recommends that the Emergency Petition [Doc. 29] be granted in part and denied in part and that the Motion to Reopen [Doc. 33] be denied. There have been no timely objections to the R&R, and enough time has passed since the filing of the R&R to treat any objections as having been waived. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

In particular, the magistrate judge recommends that: (1) Respondent appear before the district judge on a day certain to show cause as to why she should not be held in contempt of Court; (2) the Clerk of Court issue a writ of attachment to direct the United

States Marshals Service to attach the child and deliver the child to the Tennessee Department of Human Services for temporary placement, after which the Tennessee Department of Human Services shall make the appropriate arrangements with the United States Central Authority for the child's return to Mexico or to Petitioner, and the Tennessee Department of Human Services shall coordinate with Petitioner's counsel and the United States Central Authority to effectuate a smooth transfer of the child to Petitioner or to Mexico at an appropriate border station; and (3) the child's name be placed in the Children's Passport Issuance Alert Program so that Petitioner may be alerted if someone applies for the child's passport.

After a careful review of the matter, the Court adopts the magistrate judge's Findings of Fact and is in agreement with Magistrate Judge Shirley's first two recommendations. As to the recommendation that the child be placed in the Children's Passport Issuance Alert Program, according to the United States Department of State, Bureau of Consular Affairs, parents may only enroll their children in the program if they are United States citizens. *See Children's Passport Issuance Alert Program*, International Child Parental Abduction, https://travel.state.gov/content/childabduction/en/preventing/passport-issuance-alert-program.html (last visited September 9, 2016). Seeing as the child in this matter is a Mexican citizen, the child's name cannot be added to the Children's Passport Issuance Alert Program [*See* Doc. 1 ¶ 5 ("Father, Mother and the child are all citizens of Mexico.")]. The Court therefore **ACCEPTS IN PART AND**

**DENIES IN PART** the magistrate judge's report and recommendation [Doc. 36] pursuant to 28 U.S.C. § 636(b)(1) and **ORDERS** as follows:

1. The Clerk of Court is **DIRECTED** to issue a Writ of Attachment, pursuant to Federal Rule of Civil Procedure 70, ordering the United States Marshals Service to take possession of the child, and to deliver the child to the Tennessee Department of Human Services (or similar agency in the state in which the child is found) for temporary placement, after which said agency shall make the appropriate arrangements with the United States Central Authority for the child's return to Mexico or to Petitioner, and said agency shall coordinate with Petitioner's counsel and the United States Central Authority to effectuate a smooth transfer of the child to Petitioner or to Mexico at an appropriate border station.

2. The Court will hold in abeyance ordering Respondent to appear on a date certain to show cause as to why she should not be held in contempt of Court for failing to comply with the Court's prior Orders [Docs. 20, 22].

3. Petitioner's Motion To Reopen Case For The Issuance Of Provisional Remedies [Doc. 33] is **DENIED.**

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE