UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| EUGENIO GARDUNO GUEVARA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-cv-548-TAV-CCS |
| | ) | |
| ALMA SOTO SOTO, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order of the District Judge [Doc. 25].

Now before the Court is the Petitioner's Motion for Attorney Fees, Suit Expenses, and Costs [Doc. 24]. In his Motion, the Petitioner moves the Court for an order granting him an award of attorney's fees, suit expenses, and costs incurred in litigating the Verified Petition for Return of Child to Mexico and for Immediate Issuance of Show Cause Order to Respondent. No party has responded in opposition to the Motion. See E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").

Despite Respondent's lack of response, the Court has nevertheless reviewed the request for fees and expenses to determine whether the request is reasonable. For the reasons explained below, the Court **RECOMMENDS** that the Petitioner's Motion for Attorney's Fees, Suit Expenses, and Costs [Doc. 24] be **GRANTED IN PART AND DENIED IN PART.**

**I.    BACKGROUND**

This case was filed on December 11, 2015, [Doc. 1] pursuant to The Convention on the Civil Aspects of International Child Abduction ("Hague Convention") and the International

1

Child Abduction Remedies Act ("ICARA"). The Petition alleged that the Respondent illegally and wrongfully removed the parties' minor child from the proper custody and habitual residence of Mexico to the United States. Along with other requests, the Petitioner requested that the Court enter an order directing the prompt return of the child to his habitual residence of Mexico. The Respondent filed an Answer [Doc. 12] denying that she illegally and wrongfully removed the child.

Chief District Judge Varlan presided over a bench trial on March 7, 2016. [Doc. 16]. On April 15, 2016, the Court granted the Petition and entered Judgement [Doc. 20] in favor of the Petitioner. The Court ordered Respondent to return the child to Mexico but allowed the parties to decide among themselves the means and the manner of the child's return to Mexico.

## II.     POSITIONS OF THE PARTIES

As mentioned above, the Petitioner now requests an award of attorney's fees, suit expenses, and costs incurred in bringing the Petition pursuant to 22 U.S.C.A. § 9007(b)(3). The Motion states that the Petitioner retained the *pro bono* services of The Landers Firm, PLC, on August 13, 2015, and that on April 15, 2016, the Court rendered an Order granting the relief sought by the Petitioner. The Motion states that Attorney C. Suzanne Landers's normal rate in domestic matters is $415.00 per hour, but in this case, she proposes to be paid $300.00 per hour. Attorney Landers expended a total of 72.50 billable hours and 2.75 non-billable hours in this matter and requests that a total of $21,750.00 be awarded for her work.

The Motion states that with respect to Attorney Brackin, her normal hourly rate is $290.00, but she proposes to be reimbursed at the rate of $250.00 per hour. She states that she spent 83.75 billable hours and 5.5 non-billable hours in this matter. She requests a total of $20,937.50 for her work. In addition, Attorney Kerley, an associate, states that her normal hourly

rate charged in domestic matters is $275.00, but she requests to be paid $250.00 per hour. Attorney Kerley spent 1.25 billable hours in this case and requests a total of $312.50 for her work.

The Motion states that the Petitioner also incurred additional fees for work performed by paralegals, all of which were reasonable and necessary. The Motion states that the paralegal hourly rate is $140.00 per hour but that for purposes of this case, the Petitioner requests $100.00 per hour. The Motion states that paralegals worked 23.50 billable hours and 6.25 nonbillable hours in this case, which result in a total fee of $2,350.00. In addition to legal fees, the Motion also requests expenses in the total amount of $5,738.62.

In summary, the Motion requests a total of $51,088.62 in legal fees and expenses.[1] In support of the Motion, the Petitioner has attached Affidavits from Attorneys Landers, Brackin and Kerley and the complete billing statement for this case.

## III. ANALYSIS

The Court has considered the request for fees and expenses in this case. As more fully explained below, the Court recommends some reductions. The Court will first analyze the request for fees, and then it will address expenses.

*(a) Fees*

As explained above, the Petitioner requests $43,000.00 in attorney's fees and $2,350.00 in paralegal fees. In support of his request for fees, the Petitioner cites 22 U.S.C.A. § 9007(b)(3), which states as follows:

> (3) Any court ordering the return of a child pursuant to an action brought under section 9003 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the

---

[1] On page 4 of the Petitioner's brief, he requests $51,088.62. On page 6, however, he requests $53,913.62. The Court has added the total fees and expenses ($43,000.00 + $2,350.00 + $5,738.62), and it appears that the correct number is $51,088.62.

3

> petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

With respect to cases arising under ICARA and The Hague Convention, "[c]ourts typically apply the lodestar method to calculate fees." Olson v. Olson, No. 3:13-cv-0138, 2014 WL 1278654, *2 (M.D. Tenn. Mar. 31, 2014). The lodestar method is the proven number of hours reasonably expended on the case by the attorney, multiplied by a reasonable hourly rate." Isabel v. City of Memphis, 404 F.3d 404, 415 (6th Cir. 2005). The reasonableness of the hours and the rate is determined by considering twelve factors:

> (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in "similar cases."

Id. at 415-16. The most critical factor in determining the reasonableness of a fee award is the degree of success obtained. Id. at 416 (quoting Farrar v. Hobby, 506 U.S. 103, 114 (1992)).

The Court has reviewed the proposed hourly rates and finds that they are reasonable. For instance, Attorney Landers proposes a rate of $300.00 per hour. Attorney Landers has practiced law for more than thirty years, and she served as lead counsel of record in this case. See Burnett v. Burnett, No. 3:13-cv-492, 2014 WL 1340058, * 5 (E.D. Tenn. Apr. 3, 2014) (awarding $300.00 per hour in an ICARA case). In addition, the Court finds Attorney Brackin's and

4

Attorney Kerley's rates of $250.00 per hour are reasonable.[2] Moreover, the Court acknowledges the specialized knowledge and experience required in ICARA cases. Accordingly, the Court recommends that the proposed rates be granted.

The Court has also reviewed the billing entries in this case and finds that the work billed in this matter is reasonable given that the case preceded to a bench trial. The Petitioner was also required to file a pretrial brief and proposed findings of fact. The Court also acknowledges that the Petitioner was able to achieve a favorable result in this case. Accordingly, the Court recommends that $43,000.00 in attorney's fees be awarded.

As mentioned above, the Petitioner requests $2,350.00 in paralegal fees. The Court has reviewed the billing entries and finds all the work performed reasonable. However, the Court notes that there is no evidence in the record that the $100.00 per hour for a paralegal is reasonable. Accordingly, the Court recommends that $75.00 per hour is more appropriate. See Burnett, 2014 WL 1340058, at *3 (noting that $75.00 per hour is a "significant hourly rate for paralegal work"). Thus, the Court recommends that the request for paralegal fees be reduced by $587.50 ($2,350.00 - $1,762.50)[3] for a total award of $1,762.50.

---

[2] See also MAKS v. EODT, Case No. 3:10-CV-443, Report and Recommendation, Doc. 458 (E.D. Tenn. Feb. 11, 2014) (recommending that a Washington D.C. litigator's request for $600 per hour be reduced to $300 per hour); Penn. Higher Educ. Assistance Agency v. Coffey, 2013 WL 1342805 (E.D. Tenn. Mar. 7, 2013) (finding $250.00 per hour to be a reasonable rate on a contract claim in Chattanooga); Trentham v. Hidden Mountain Resorts, Inc., Case No. 3:08-CV-23, Doc. 154 (E.D. Tenn. Sept. 2, 2010) (awarding $260.00 in an employment case to an attorney who has practiced in Knoxville since 1949); Doherty v. City of Maryville, 2009 WL 3241715, *7 (E.D. Tenn. Sept. 30, 2009) (awarding $225 per hour rate for partners and a $175 per hour rate for associates of a law firm that successfully litigated a Constitutional claim in Knoxville); Goodman Properties Inc. v. Blosser, 2012 WL 6765626 (E.D. Tenn. Nov. 13, 2012) (finding $275.00 per hour to be a reasonable rate on a contract claim in Chattanooga); Loyless v. Oliveira, 2012 WL 775084 (E.D. Tenn. Feb.17, 2012) (finding $300 to be a relatively high hourly rate for the Chattanooga legal market but approving the fee in light of no objections); McKay v. Reliance Standard Life Ins. Co., 654 F. Supp.2d 731, 746 (E.D. Tenn. 2009) (approving a $250 hourly rate in an ERISA case); Grant v. Shaw Environmental, Inc., 2013 WL 1305599 (E.D. Tenn. Jan. 30, 2013) (reducing hourly rate in FLSA case, including a request for $440 per hour for out-of-town counsel, to a weighted average of $248.42) *amount of award sustained at* Grant v. Shaw Environmental, Inc., 2013 WL 1305596 (E.D. Tenn. Mar. 28, 2013).

[3] The Court arrives at this calculation by multiplying the number of billable hours 23.5 by $75.00, which equals $1,762.50.

*(b)     Expenses*

The Petitioner also requests expenses in the amount of $5,738.62. The Petitioner has itemized the expenses as follows:

| | |
|---|---|
| Filing fees | $400.00 |
| Wire Transfer Fee | $30.00 |
| Private Process Server | $200.00 |
| PACER: | $17.20 |
| Research: | $67.50 |
| Office Supplies | $7.00 |
| Photocopying Fees | $0.25 |
| Postage | $0.48 |
| Courier Fees | $96.47 |
| Parking | $7.00 |
| Lodging Costs | $828.29 |
| Meal Costs | $313.25 |
| Mileage Reimbursement | $832.68 |
| Translation Fees | $2,938.50 |

"Generally, a party is not entitled to recover expenses that are merely incident to the preparation of cases and are part of office overhead." Freier v. Freier, 985 F. Supp. 710, 712 (E.D. Mich. 1997) (citing McMillan v. United States, 891 F. Supp. 408, 415–416 (W.D. Mich. 1995); Knop v. Johnson, 712 F. Supp. 571, 588 (W.D. Mich. 1989)). The Court recommends that the following expenses not be awarded because the Petitioner has not specifically explained why each expense should be awarded and the Court considers the following expenses part of office overhead: PACER, research, office supplies, postage, and courier fees. Accordingly, the Court recommends that the request for expenses be reduced by $188.65 for a total award of $5,549.97

The Court also notes that while the Petitioner's attorney's fees, expenses, and costs seem a little bit high, the legal resistance by Defendant, her lack of response to this request, her eventual flight and fugitive status, and her refusal to obey Court Orders weighs against any

6

equitable deduction, or the time and effort of the Court in going through the bill with a "fine-tooth comb," which would only serve to benefit the Defendant.

IV. **CONCLUSION**

For the reasons stated above, the Court **RECOMMENDS**[4] that the Petitioner's Motion for Attorney's Fees, Suit Expenses, and Costs [**Doc. 24**] be **GRANTED IN PART AND DENIED IN PART.** The Court **RECOMMENDS** the Petitioner be awarded a total of $50,312.47 as follows: (1) $43,000.00 in attorney's fees; (2) $1,762.50 in paralegal fees; and (3) $5,549.97 in expenses.

                                          Respectfully submitted,

                                          s/ C. Clifford Shirley, Jr.
                                          United States Magistrate Judge

---

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).