UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| EUGENIO GARDUNO GUEVARA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-CV-548-TAV-DCP |
| ) | |
| ALMA SOTO SOTO, ) | |
| ) | |
| Defendant. ) | |

### REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order of the District Judge [Doc. 45].

Now before the Court is a Motion for Writ of Body Attachment of Respondent and Minor Child and for Warrant of Arrest for Respondent [Doc. 43]. No response has been filed, and the time for doing so has expired. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). The parties appeared before the Court on October 24, 2018, for a motion hearing. Attorney Lucie Brackin appeared via telephone on behalf of Petitioner. Attorney Scott Saidak appeared on behalf of Respondent.[1] Accordingly, for the reasons set forth below, the Court **RECOMMENDS** that Petitioner's Motion [**Doc. 43**] be **GRANTED IN PART.**

I. **BACKGROUND**

By way of background, this case was filed on December 11, 2015, pursuant to the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001-9011 (2015), which

---

[1] Respondent's attorney, Scott Saidak, filed a Motion to Withdraw [Doc. 46], in part, because he has not had any contact with Respondent for more than two years.

1

is a codification of the Hague Convention. In the Verified Petition for Return of his Child to Mexico ("Verified Petition") [Doc. 1], Petitioner alleged the wrongful retention of his child (hereinafter, "Child") in the United States by the Child's mother, Respondent. On April 15, 2016, the Chief District Judge granted the Verified Petition. [Doc. 20]. Specifically, the Chief District Judge stated, "It is hereby **ORDERED** that defendant is to return the [C]hild to Mexico, the country of the [C]hild's habitual residence." [Doc. 20]. In the Memorandum Opinion, the Chief District Judge stated, "The parties are to decide among themselves the means and manner of the [C]hild's return to Mexico." [Doc. 19 at 29]. The parties were unable to decide among themselves the means and the manner of the Child's return to Mexico, and the issue was referred [Doc. 21] to the Magistrate Judge.[2]

On May 2, 2016, the Court held a telephonic hearing. Attorneys Suzanne Landers and Lucie Brackin appeared on behalf of Petitioner, and Attorney Scott Saidak was present on behalf of Respondent. After hearing from both parties, Judge Shirley orally ordered Respondent to transport the Child to La Luz, Michoacán, Mexico, by May 16, 2016. [Doc. 23]. Judge Shirley's written Order was entered on May 3, 2016. [Doc. 22].

On May 23, 2016, Petitioner filed a Verified Emergency Petition for Warrant of Arrest in Lieu of Writ of Habeas Corpus and for Return of the Child [Doc. 26] ("Emergency Petition"). Respondent's attorney filed a Limited Response [Doc. 28], stating, "After numerous attempts at contacting Mother, Attorney has had no contact with Mother since May 3, 2016, wherein Attorney explained the terms of the Court's Order to Mother and her options for appeal." The Limited

---

[2] The Honorable C. Clifford Shirley, Jr., United States Magistrate Judge, was originally assigned to this case. Judge Shirley retired in February 2018, and the undersigned was assigned Judge Shirley's cases. *See* Standing Order 18-02.

2

Response also stated that the attorney was informed that Respondent's whereabouts were unknown. [*Id.*].

The Court addressed the Emergency Petition at a hearing on May 31, 2016, and heard testimony from Petitioner. Respondent's attorney was present, but Respondent did not appear. During the hearing, Petitioner testified that he traveled to La Luz, Mexico, on May 16, 2016, to visit the maternal grandparents, where Respondent previously lived. [Doc. 36 at 4]. Petitioner testified that Respondent and the Child were not there. [*Id.*]. In addition, Petitioner testified that he traveled to La Luz, Mexico, approximately four or five times but that he could not locate the Child or Respondent. [*Id.*]. Petitioner stated that La Luz is a small community and that the last time he visited La Luz was the previous Friday (i.e., May 27, 2016). [*Id.*]. Petitioner requested an opportunity to file a supplemental brief, and after the hearing, on June 14, 2016, Petitioner filed a Motion to Reopen Case for the Issuance of Provisional Remedies [Doc. 33].

Based on Petitioner's testimony, along with the filings in this case, the Court found that Respondent did not comply with the Chief District Judge's Order to return the Child to Mexico and that Respondent did not comply with the Court's Order to return the Child to La Luz, Mexico, by May 16, 2016. [Doc. 36]. The Court recommended that the Chief District Judge issue a show cause order to Respondent to appear at a date certain before the District Judge to show cause why she should not be held in contempt for failing to obey the Court's Orders. [*Id.* at 7]. In addition, the Court recommended that the Clerk of Court issue a writ of attachment that directed the United States Marshals Service to execute judgment and attach the Child. [*Id.* at 9].

Subsequently, on September 15, 2016, the Chief District Judge adopted the Report and Recommendation, in part, and ordered as follows:

> 1. The Clerk of Court is **DIRECTED** to issue a Writ of Attachment, pursuant to Federal Rule of Civil Procedure 70,

3

> ordering the United States Marshals Service to take possession of the child, and to deliver the child to the Tennessee Department of Human Services (or similar agency in the state in which the child is found) for temporary placement, after which said agency shall make the appropriate arrangement with the United States Central Authority for the child's return to Mexico or to Petitioner, and said agency shall coordinate with Petitioner's counsel and the United States Central Authority to effectuate a smooth transfer of the child to Petitioner or to Mexico at an appropriate border station.
>
> 2. The Court will hold in abeyance ordering Respondent to appear on a date certain to show cause as to why she should not be held in contempt of Court for failing to comply with the Court's prior Orders [Docs. 20, 22].
>
> 3. Petitioner's Motion To Reopen Case For The Issuance Of Provisional Remedies [Doc. 33] is **DENIED**.

[Doc. 37].[3]

On October 27, 2017, the United States Marshals Service filed a return [Doc. 41], stating that there were multiple attempts to locate Respondent, but such attempts were unsuccessful and that process was returned unexecuted.

Petitioner filed the instant Motion on September 27, 2018.

## II. POSITIONS OF THE PARTIES

Petitioner moves the Court for a writ of body attachment to bring Respondent and the Child before the Court to enforce the Order dated May 3, 2016, and for issuance of an arrest warrant. For grounds, Petitioner states that Respondent and the Child remain at large. Petitioner asserts that Respondent has established herself to be a flight risk when she abducted the Child from Mexico to the United States and when she disregarded the Court's Order requiring that she present

---

[3] The Chief District Judge did not adopt the Court's recommendation to place the Child's name in the Children's Passport Issuance Alert Program because the program is only for United States citizens. [Doc. 37 at 2].

herself in La Luz, Mexico, with the Child by May 16, 2016. Petitioner states that pursuant to 22 U.S.C. § 9004, the Court has authority to issue an arrest warrant for the Child and the Respondent. In support of his request, Petitioner states that the National Center for Missing and Exploited Children ("NCMEC") received a tip as to the location of the Child. Thus, Petitioner requests that the Court issue a warrant of arrest in lieu of a writ of habeas corpus, commanding the pickup of the Child and Respondent by the United States Marshals Service or any other law enforcement officer or agency and that they be brought before the Court. Petitioner also requests that the arrest warrant allow law enforcement to take any measure necessary to assist in locating Respondent and the Child and to take necessary action to bring them into custody. In addition, Petitioner requests a writ of body attachment for Respondent and the Child.

Following the October 24 hearing, Petitioner filed a Memorandum in Support of Father's Request for Issuance of a Warrant for Arrest of Mother [Doc. 49] and an Affidavit of Eugenio Garduno Geuvara [Doc. 50]. Petitioner's Memorandum states that the Court has the proper authority to issue an ex parte arrest warrant in an attempt to return the Child to his habitual residence because the Child has been wrongfully removed or retained. Petitioner asserts that ICARA permits the Court that is exercising jurisdiction to return the Child and to take "measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition." [Doc. 49 at 2] (quoting 22 U.S.C. § 9001). Further, Petitioner states that Tennessee state law allows for an "ex parte warrant to take physical custody of the child" when there is a "credible risk that the child is likely to be wrongfully removed." [*Id.* at 3] (quoting Tenn. Code Ann. § 36-6-609(a)).

5

Petitioner argues that the Court ordered Respondent to return the Child to Mexico, but instead, Respondent fled. Petitioner asserts that if the Court can issue a warrant of arrest before a full evidentiary hearing, then it follows that a Court can issue a warrant of arrest as an enforcement tool after a return order has been issued and the parent has fled with a child. Petitioner adds that if the tip does not lead to the successful attachment of the Child, the United States Marshals will ultimately close the case again, and Petitioner will not receive any assistance from other law enforcement agencies unless there is an active warrant for Respondent's arrest.

In his Affidavit, Petitioner submits that since May 16, 2016, he has traveled to La Luz, Michoacán, Mexico, to the maternal grandmother's residence and that Respondent and the Child have not been at this residence. [Doc. 50 at ¶ 1]. Further, he states that he has periodically contacted people who live in or around La Luz, and that Respondent and the Child have not been seen in or around La Luz. [*Id.* at ¶ 2]. He submits that he does not have any knowledge that Respondent and the Child have returned to Mexico and that he does not have any reason to believe that Respondent and the Child have returned to Mexico since the Court ordered Respondent to return in May 2016. [*Id.* at ¶ 3].

## III. ANALYSIS

The Court has considered Petitioner's filings, and for the reasons set forth below, the Court **RECOMMENDS** that Petitioner's Motion [**Doc. 43**] be **GRANTED IN PART**.

The circumstances in this case are unusual and unfortunate. The Chief District Judge ordered Respondent to return the Child to Mexico, and Judge Shirley ordered Respondent to return the Child to La Luz, Mexico, by May 16, 2016. On May 23, 2016, Petitioner filed an Emergency Petition, stating that Respondent and Child did not arrive in La Luz, Mexico, as ordered. Respondent's attorney acknowledged that the last contact that he had with Respondent was on

6

May 3, 2016, when he explained the Court's previous Order and options to appeal. Respondent's attorney also stated that he has made numerous attempts to contact Respondent to no avail.

Prior testimony from Petitioner, which was uncontested, establishes that Petitioner visited La Luz, Mexico, on several occasions on May 16, 2016, and thereafter, but could not locate the Child or Respondent. The Chief District Judge instructed the Clerk of Court to issue a Writ of Attachment, which ordered the United States Marshals Service to take possession of the Child. Approximately a year later, the United States Marshals Service filed a return, stating that Respondent could not be located.

Now, Petitioner states that NCMEC has received a tip as to the location of the Child. At the hearing, counsel for Petitioner stated that per NCMEC, all tips are confidential and that NCMEC is only allowed to share the tip with the United States Marshals. Counsel stated, however, that while the specific details of the tip are confidential, the tip indicates that the Child is located in the United States.

The Court finds it appropriate in these circumstances to issue another writ of attachment pursuant to Federal Rule of Civil Procedure 70, and the undersigned will recommend such action. Specifically, as previously explained, Rule 70 provides as follows:

> **(a) Party's Failure to Act; Ordering Another to Act.** If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done--at the disobedient party's expense--by another person appointed by the court. When done, the act has the same effect as if done by the party.

Fed. R. Civ. P. 70. *United States v. One (1) Douglas A-26B Aircraft*, 662 F.2d 1372, 1374 (11th Cir. 1981) ("Rule 70 is designed "to deal with parties who seek to thwart judgments by refusals to comply with orders to perform specific acts.") (quoting 12 C. Wright & A. Miller, Federal Practice

7

& Procedure, Civil s 3021 (1973)). Respondent was supposed to transport the Child to Mexico pursuant to the Judgment in this case, and later, was specifically ordered to transport the Child to La Luz, Mexico, by May 16, 2016. Accordingly, the Court recommends that the Clerk of Court issue another writ of attachment that directs the United States Marshals Service to execute Judgment and attach the Child. Once the Child is in custody, the undersigned **RECOMMENDS** that the Child be delivered to the Tennessee Department of Human Services (or similar agency in the state in which the Child is found) for temporary placement, after which said agency shall make the appropriate arrangements with the United States Central Authority for the Child's return to Mexico or to Petitioner.

Petitioner also requests an arrest warrant commanding the pick-up of the Child and Respondent. For authority, Petitioner cites to 22 U.S.C. § 9004, which states as follows:

> In furtherance of the objectives of article 7(b) and other provisions of the Convention, and subject to the provisions of subsection (b) of this section, any court exercising jurisdiction of an action brought under section 9003(b) of this title may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment *before* the final disposition of the petition.

22 U.S.C. § 9004(a) (Emphasis added). By its clear language, § 9004(a) only applies to actions taken "before" the petition is ruled on. Here, the Petition was granted on April 15, 2016, and Petitioner is simply seeking assistance in executing the final Judgment. He is not requesting assistance "before the final disposition of the petition," and therefore, this statute does not apply under these circumstances.

Similarly, the cases that Petitioner relied on in his brief involve arrest warrants that were issued to bring the abducting parent before the court so that the petition could be appropriately litigated. *See McCullough v. McCullough*, 4 F. Supp. 2d 411, 416 (W.D. Pa. 1998) (directing the

8

United States Marshal to serve respondent with a warrant of arrest for the children and copies of the pleadings and that the United States Marshal bring the children before the court); *Marquez v. Castillo*, No. 8:14-CV-2407-T-30TBM, 2014 WL 5782812, at *3 (M.D. Fla. Nov. 6, 2014) (finding the provisional remedy in the above statute appropriate and ordering respondent not to remove the child from the court's jurisdiction pending a hearing on the petition).

Petitioner also relies on *Pesin v Rodriguez*, 244 F.3d 1250 (11th Cir. 2001), stating, "*Pesin* is an example of a district court issuing an arrest warrant after the order for return has been ordered." [Doc. 49 at 4]. In *Pesin*, however, the court did not issue an arrest warrant pursuant to § 9004. Instead, after the court granted the petition, petitioner informed the court that respondent failed to return the children as ordered to do so. *Id.* at 1252. The district court set a status conference and ordered the respondent and the children to attend, but they failed to attend. *Id.* The court then issued a show cause order as to why respondent should not be held in contempt of court and scheduled another hearing. *Id.* Again, neither the respondent, nor the children, attended the show cause hearing. *Id.* Following the respondent's failure to attend the second hearing, the district court found respondent in contempt for her multiple refusals to comply with the court's orders, and the court entered a bench warrant for her arrest. *Id.*

As demonstrated in *Pesin*, a finding of contempt of court is appropriate when a party fails to abide by the Court's orders. As explained in a previous Report and Recommendation, "When a court seeks to enforce its order or supervise its judgment, one weapon in its arsenal is contempt of court." *Elec. Workers' Pension Trust Fund of Local Union # 58, IBEW v. Gary's Elec. Serv. Co.,* 340 F.3d 373, 379 (6th Cir. 2003) (citing *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987)); *see also Stooksbury v. Ross*, No. 3:09-cv-498, 2014 WL 4384457, at *4 (E.D. Tenn. Sept. 4, 2014) ("A court may hold someone in contempt if there is "clear and convincing

9

evidence that shows that [person] violated a definite and specific order of the court requiring [that person] to perform or refrain from performing a particular act or acts with knowledge of the court's order.") (Quoting *Gary's Elec. Serv. Co.,* 340 F.3d 373, 379 (6th Cir. 2003)). The Magistrate Judge's role in contempt cases is to certify facts relevant to the issue of contempt to the District Judge. *See* 28 U.S.C. § 636(e)(6)(B); *The Euclid Chemical Company v. Ware et. al.*, No. 1:11-cv-135, 2013 WL 6632436, at *1 (S.D. Ohio Dec. 17, 2013) (stating the same).

Accordingly, the undersigned certifies the following facts: The Chief District Judge ordered Respondent to return the Child to Mexico. Judge Shirley ordered Respondent to return the Child to La Luz, Mexico, by May 16, 2016. On May 31, 2016, the Court heard unrebutted testimony from Petitioner that Respondent and the Child were not in La Luz, Mexico, as ordered. Further, Respondent's attorney has not had any contact with her since May 3, 2016, despite multiple attempts to contact her. Respondent's attorney was informed that her whereabouts were unknown. Petitioner has now received a tip from NCMEC as to the location of the Child. Although the specific details could not be provided, the tip indicates that the Child is still in the United States. Petitioner filed an Affidavit, stating that since May 16, 2016, he has traveled to La Luz to the maternal grandmother's residence and that Respondent and the Child have not been there. [Doc. 50 at ¶ 1]. He states that he has also periodically contacted people who live in or around La Luz, and Respondent and the Child have not been seen in or around La Luz. [*Id.* at ¶ 2]. He has no knowledge that Respondent or the Child have returned to Mexico, and he has no reason to believe that they have returned. [*Id.* at ¶ 3]. As mentioned above, Petitioner's Affidavit remains uncontested.

Accordingly, given the above facts, the Court recommends that the District Judge issue a show cause order to Respondent to appear on a date and time certain to show cause why she should

not be held in contempt of Court for the failure to abide by the Court's Orders to return the Child to Mexico.

## VI. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS**[4] that the Motion for Writ of Body Attachment of Respondent and Minor Child and for Warrant of Arrest for Respondent [**Doc. 43**] be **GRANTED IN PART AND DENIED IN PART**. The Court **RECOMMENDS** as follows:

1. Respondent be ordered to appear before the District Judge on a day certain to show cause as to why she should not be held in contempt of Court; and

2. The Clerk of Court be directed to issue a Writ of Attachment, pursuant to Federal Rule of Civil Procedure 70, ordering the United States Marshals Service to take possession of the Child, and to deliver the Child to the Tennessee Department of Human Services (or similar agency in the state in which the child is found) for temporary placement, after which said agency shall make the appropriate arrangement with the United States Central Authority for the Child's return to Mexico or to Petitioner, and said agency shall coordinate with Petitioner's counsel and the United States Central Authority to effectuate a smooth transfer of the Child to Petitioner or to Mexico at an appropriate border station.

Respectfully submitted,

Debra C. Poplin
United States Magistrate Judge

---

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).